# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SAMUEL S. UPTHEGROVE,

        Petitioner,

v.                                                                              Case No. 08-CV-397

MICHAEL THURMER,

        Respondent.

_____

## ORDER

On May 8, 2008, pro se petitioner Samuel S. Upthegrove ("Upthegrove") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Upthegrove was convicted on May 16, 2007, for taking and driving a vehicle without consent. The Buffalo County Circuit Court sentenced Upthegrove to 2 years and 6 months of confinement and he is currently confined at Waupun Correctional Institution. The court will review Upthegrove's federal habeas petition pursuant to Rule 4 of the Federal Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts authorizes a district court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." *See id.* This rule provides the district court the power to dismiss both those petitions that do not state a claim upon which relief may be granted and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Upon an initial Rule 4 review of habeas petitions, the court will analyze whether the petitioner has

avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

It appears from the face of Upthegrove's petition that he has not exhausted his state remedies. The district court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of his federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). If a federal habeas petition has even a single unexhausted claim, the district court must dismiss the entire petition and leave the petitioner with the choice of either returning to state court to exhaust the claim or amending or resubmitting the petition to present only exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, Upthegrove claims in his habeas petition that he is entitled to 443 days of sentence credit for time that he was confined in juvenile corrections. Upthegrove's motion for additional sentence credit was denied by the Buffalo County Circuit Court on January 16, 2008. Upthegrove states in his petition that he did not

-2-

Case 2:08-cv-00397-JPS    Filed 05/09/08    Page 2 of 3    Document 4

file an appeal of the denial of his motion. The U. S. Supreme Court has specifically instructed that federal courts may not consider habeas corpus petitions containing unexhausted claims. *See Rose*, 455 U.S. at 510. Because Upthegrove's petition sets forth a claim that has not been fully exhausted in the state courts, the court must dismiss his petition. *See id.*

Finally, based upon the petitioner's motion to proceed without prepayment of fees, the court finds that the petitioner is unable to pay the $5 filing fee. The court, therefore, grants the petitioner's motion for leave to proceed in forma pauperis.

Accordingly,

**IT IS ORDERED** that the petitioner's motion for leave to proceed in forma pauperis (Docket #3) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that the petition be and the same is hereby **DISMISSED** because it contains unexhausted claims.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 9th day of May, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge